UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

T & K REALTY, LLC,

       Plaintiff,

v.                                                                                                5:07-CV-0990
                                                                                                  (GTS/GHL)
TEETER ENVIRONMENTAL SERVICES, INC.;
DAVID J. TEETER, Individually; DOUG GROSS
CONSTRUCTION, INC.; CHAMBERS
ENVIRONMENTAL GROUP, INC.; KEUKA
CONSTRUCTION CORPORATION; and BATES
CONSULTING, INC.,

       Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HISCOCK & BARCLAY LLP<br> Counsel for Plaintiff<br>One Park Place<br>300 South State Street<br>Syracuse, NY 13202-2078 | RICHARD K. HUGHES, ESQ.<br>GABRIEL M. NUGENT, ESQ. |
| LAW OFFICE OF DOUGLAS H. ZAMELIS<br> Counsel for Defendants David J. Teeter and<br> Teeter Environmental Services, Inc.<br>8363 Vassar Drive<br>Manlius, NY 13104 | DOUGLAS H. ZAMELIS, ESQ. |
| McGIVNEY & KLUGER, P.C.<br> Counsel for Defendant Doug Gross Construction, Inc.<br>23 Vreeland Road, Suite 220<br>Florham Park, NJ 07932 | DAVID M. KATZENSTEIN, ESQ.<br>ERIC M. GERNANT, ESQ. |
| LAW OFFICE OF RICHARD P. PLOCHOCKI<br> Counsel for Defendant Doug Gross Construction, Inc.<br>One Lincoln Center, Suite 1010<br>Syracuse, NY 13202 | RICHARD P. PLOCHOCKI, ESQ. |

PETRONE & PETRONE, P.C.　　　　　　　　　　　DAVID H. WALSH, IV, ESQ.
　Counsel for Defendant
　Chambers Environmental Group, Inc.
1624 Genesee Street
Utica, NY 13502

MACKENZIE HUGHES, LLP　　　　　　　　　　STEPHEN T. HELMER, ESQ.
　Counsel for Defendant Keuka Construction Corp.
101 South Salina Street
P.O. Box 4967
Syracuse, NY 13221-4967

DAVIDSON & O'MARA, P.C.　　　　　　　　　　DONALD S. THOMSON, ESQ.
　Counsel for Defendant Bates Consulting, Inc.
243 Lake Street
Elmira, NY 14901

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this environmental remediation action filed by T & K Realty, LLC ("Plaintiff") are (1) three separate motions to dismiss the Complaint for lack of subject-matter jurisdiction and/or failure to state a claim upon which relief can be granted, filed by Chambers Environmental Group, Inc., Keuka Construction Corporation, and Doug Gross Construction, Inc. ("Moving Defendants") (Dkt. Nos. 30, 38, 39), (2) a motion to amend the Complaint filed by Plaintiff (Dkt. No. 44), and (3) a motion to transfer venue to the United States District Court for the Western District of New York filed by Plaintiff (Dkt. No. 44). For the reasons set forth below, Moving Defendants' motions are denied, and Plaintiff's motions are granted.

I.  **BACKGROUND**

   A.  **Plaintiff's Claims**

Generally, liberally construed, Plaintiff's Complaint alleges that Defendants contaminated property owned by Plaintiff in violation of the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*, and related New York State laws.  More specifically, Plaintiff's Complaint asserts the following claims: (1) strict liability under 42 U.S.C. § 9607(a) against all Defendants, except Bates Consulting, Inc. ("Bates"); (2) contribution under 42 U.S.C. § 9613(b) against all Defendants, except Bates; (3) liability under Article 37 of the New York Environmental Conservation Law ("ECL") against all Defendants, except Bates; (4) negligence against all Defendants; (5) breach of contract against Defendants Teeter Environmental Services, Inc. ("Teeter Environmental") and Keuka Construction Corporation ("Keuka"); (6) private nuisance against all Defendants, except Bates; (7) common law indemnification or contribution against all Defendants, except Bates; (8) contribution under Section 178(8) of the New York State Navigation Law against all Defendants, except Bates; and (9) strict liability under Section 181(1) of the New York State Navigation Law against all Defendants, except Bates.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id*.)

   B.  **Moving Defendants' Motions**

Generally, in support of their motions to dismiss, Moving Defendants argue as follows: (1) Plaintiff's CERCLA claims against Defendants Keuka and Chambers Environmental Group, Inc. ("Chambers") must be dismissed, because, based on the allegations of the Complaint, these

3

Defendants are "covered persons" as required under CERCLA, and therefore these Defendants are not subject to a CERCLA suit; (2) Plaintiff's CERCLA § 107 claims must be dismissed because (a) Plaintiff's Complaint alleges that the contamination of Plaintiff's property involved petroleum and petroleum constituents only, which are explicitly excluded from CERCLA, and (b) the Complaint does not allege that Plaintiff has incurred "clean-up costs"; (3) Plaintiff's contribution claim pursuant to CERCLA § 113 must be dismissed because (a) the Complaint fails to allege that a CERCLA action was brought against Plaintiff, and (b) the Complaint fails to allege that the Consent Order that Plaintiff entered into with the Department of Environmental Conservation ("DEC") resolved Plaintiff's CERCLA liability; (4) Plaintiff's New York State Navigation Law claims must be dismissed because Plaintiff was responsible for the discharge;[1] and (5) Plaintiff's remaining state-law claims must be dismissed because, once Plaintiff's CERCLA claims are dismissed, the Court lacks jurisdiction over these claims. (*See generally* Dkt. No. 30, Attach. 4 [Def.'s Memo. of Law], Dkt. No. 38, Attach. 6 [Def.'s Memo. of Law], Dkt. No. 39, Attach. 2 [Def.'s Memo. of Law].)

In its response to Moving Defendants' motions to dismiss, Plaintiff argues as follows: (1) Plaintiff has pleaded a valid claim under 42 U.S.C. § 9607(a); (2) Plaintiff has pleaded a valid contribution claim under 42 U.S.C. § 9613; and (3) Plaintiff has pleaded a valid Navigation Law claim. (*See generally* Dkt. No. 44 [Plf.'s Response Memo. of Law].) In addition, Plaintiff requests that the Court (1) grant it leave to amend its Complaint, and (2) transfer venue of this action to the United States District Court for the Western District of New York. (Id.)

---

[1] Defendants Keuka and Chambers also allege that Plaintiff's New York State Navigation Law claims must be dismissed against them because these Defendants did not have the capacity to take action to prevent the contamination.

4

In their reply, in addition to reiterating their previous arguments, Moving Defendants argue, *inter alia*, as follows: (1) Plaintiff failed to refute Defendant Chambers' argument that Plaintiff's CERCLA claims should be dismissed pursuant to 12(b)(1); (2) the cases relied on by Plaintiff are distinguishable; and (3) Plaintiff's cross-motion to amend its Complaint should be denied because (a) the proposed Amended Complaint contains the same pleading deficiencies as does the Complaint, and (b) allowing leave to amend would result in undue delay and prejudice.. (*See generally* Dkt. No. 48 [Def.'s Reply Memo. of Law], Dkt. No. 50 [Def.'s Reply Memo. of Law] )

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Failure to State a Claim

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's recent decision in *Wade v. Tiffin Motorhomes, Inc.*, 05-CV-1458, 2009 WL 3629674, at *3-5 (N.D.N.Y. Oct. 27, 2009) (Suddaby, J.).

### B. Legal Standard Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12[b][1] ). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 210 F.3d at 113 (citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*. (citation omitted).

5

C. **Legal Standards Governing Plaintiff's Claims**

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties. (*See* Dkt. Dkt. No. 30, Attach. 4 [Def.'s Memo. of Law], Dkt. No. 38, Attach. 6 [Def.'s Memo. of Law], Dkt. No. 39, Attach. 2 [Def.'s Memo. of Law]; Dkt. No. 44 [Plf.'s Response Memo. of Law]; Dkt. No. 48 [Def.'s Reply Memo. of Law], Dkt. No. 50 [Def.'s Reply Memo. of Law].)

D. **Legal Standard Governing Motion to Amend Complaint**

"A party may amend his pleading once as a matter of right at any time before a responsive pleading is served, but otherwise may amend only with leave of the court." *Brodie v. New York City Transit Authority*, 96-CV-6813, 1998 WL 599710, at *7 (S.D.N.Y. Sept. 10, 1998) (citing Fed. R. Civ. P. 15[a]).[2] When a motion for leave to amend is filed, "[l]eave to amend shall be freely granted as justice requires, and should only be denied where amendment would be futile, where the motion was filed with undue delay, where it is sought in bad faith, or where it would prejudice the opposing party." *Brodie*, 1998 WL 599710, at *7 (citations omitted).

E. **Legal Standard Governing Motion to Transfer Venue**

A district court may decide to transfer an action to another district in the interest of justice and for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a) ("For the

---

[2] Here, the Court notes that Answers were filed on October 22, 2007, and November 30, 2007. (Dkt. Nos. 22, 37.)

6

convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F. Supp. 70, 71 (N.D.N.Y. 1996) (Hurd, M.J.). "The purpose of section 1404(a) 'is to prevent the 'waste of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Flaherty v. All Hampton Limousine, Inc.*, 01-CV-9939, 2002 U.S. Dist. LEXIS 15171, at *3 (S.D.N.Y. Aug. 16, 2002) (citations omitted). When considering whether to transfer a case, a district court must conduct "a two-part test: (1) whether the action to be transferred might have been brought in the transferee venue; and (2) whether the balance of convenience and justice favors transfer." *Advanced Fiber Tech. Trust v. J & L Fiber Serv. Inc.*, 07-CV-1191, 2008 WL 4890377, at *1 (N.D.N.Y. Nov. 12, 2008) (Homer, M.J.) (citation omitted).

Once it has been established that the case could have been brought in the transferee district, the resolution of a § 1404(a) motion lies "within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp.2d 729, 730 (S.D.N.Y. 1998). A non-exclusive list of factors courts routinely consider include the following:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

7

*Amersham Pharmacia Biotech, Inc.*, 11 F. Supp.2d at 730 (citations omitted). "No individual factor is determinative and a court has discretion to weigh each factor to reach a fair result." *Id.* (citations omitted). "Of the factors enumerated above, the first two, the convenience of witnesses and the location of relevant documents and relative ease of access to sources of proof, loom large when deciding between fora separated by roughly 3,000 miles." *Id.* (internal quotation marks omitted); *see also U.S. Fidelity and Guar. Co. v. Republic Drug Co., Inc.*, 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992) ("The location of relevant witnesses and other evidence is a major factor to be considered in a transfer action.") (citation omitted).

## III.  ANALYSIS

### A.  Plaintiff's Claim Under CERCLA § 107

As stated above in Part I.B. of this Decision and Order, Moving Defendants seek the dismissal of Plaintiff's CERCLA § 107 claim because (1) the Complaint alleges that the contamination involved petroleum and petroleum constituents only, which are explicitly excluded from CERCLA, (2) the Complaint does not allege that Plaintiff has incurred "clean-up costs," and (3) based on the allegations of the Complaint, Defendants Keuka and Chambers are "covered persons" as required under CERCLA.

The Court rejects Moving Defendants' first argument. Plaintiff's Complaint alleges facts plausibly suggesting that, in addition to causing petroleum contamination, the removal of the underground storage tank ("UST") caused Plaintiff's property to be contaminated with the volatile organic compounds dichlorobenzene, dichloroethene, methylene chloride, trichloroethene, benzene, ethylbenzene, naphthalene, toluene, trimethylbenzene, xylenes, solvents, and petroleum constituents. (Dkt. No. 1, at ¶¶ 1, 41, 42.)

8

Furthermore, the Court rejects Moving Defendants' second argument. Plaintiff's Complaint alleges facts plausibly suggesting that Plaintiff incurred fees by hiring The Palmerton Group to evaluate and analyze its contaminated property, and to develop a work plan for the property. In addition, the Complaint alleges facts plausibly suggesting that Plaintiff has incurred attorneys' fees related to The Palmerton Group's activity and the identification of "potentially responsible parties" ("PRPs"). Finally, the Complaint alleges that these fees were incurred voluntarily before Plaintiff entered into the Consent Order with the DEC.[3] As a result, the Complaint alleges facts plausibly suggesting that Plaintiff incurred "clean-up costs."

Finally, the Court rejects Moving Defendants' third argument. The Complaint alleges facts plausibly suggesting that (1) Chambers was operating and had control over a drill that punctured a hole in the UST, and (2) Keuka struck the UST with heavy machinery that it was operating and in control of, while it was installing a sewer lateral. Defendants Keuka and Chambers argue that, despite these allegations, they still cannot be classified as "covered persons" under CERCLA because they did not have authority to control the site where the contamination occurred, but rather, they were only doing what they were instructed by Teeter Environmental to do.

Under Section 107, "covered persons" includes "the owner and operator of a vessel or a

---

[3] As noted by Plaintiff in its memorandum of law in opposition to Moving Defendants' motions to dismiss, Courts have interpreted the CERCLA as allowing property owners to recover certain costs, including attorney's fees, investigation fees, and property evaluation fees, associated with cleaning up hazardous substances. (*See* Dkt. No. 44, at 11-17.)

facility." 42 U.S.C. § 9607(a)(1). Under 42 U.S.C. § 9601(20)(A), with respect to a "facility,"[4] an "operator" is defined as "any person owning or operating such facility. . . ." As Plaintiff's point out in their memorandum of law, Courts have held that those who have actually caused a release of contaminants may be liable as an "operator" under CERCLA.[5] Whether Defendants Chambers and Keuka had authority to control the site cannot be determined at this stage of the pleadings. For purposes of the current motion, the Court finds that Plaintiff has alleged facts plausibly suggesting that Chambers and Keuka, through their operation of certain machinery that caused or contributed to the contamination, were operators, and thus "covered persons" under Section 107.

For these reasons, Plaintiff's claim under CERCLA § 107 survives Moving Defendants' motions to dismiss.

**B.     Plaintiff's Claim Under CERCLA § 113**

As stated above in Part I.B. of this Decision and Order, Moving Defendants seek the dismissal Plaintiff's CERCLA § 113 claim because (1) the Complaint fails to allege that a

---

[4]     There is not dispute that Plaintiff's property is a "facility" for purposes of the CERCLA.

[5]     *See Kaiser Aluminum & Chem. Corp. v. Catellus Dev. Corp.*, 976 F.2d 1338, 1342 (9th Cir. 1992) (holding that an excavation company that unknowingly spread contaminated soil removed from one location on a property to another location on the same property qualified as an "operator" under Section 107, while noting that "'operator' liability . . . attaches if the defendant had authority to control the cause of the contamination at the time the hazardous substances were released into the environment."); *see also State of N.Y. v. Almy Bros., Inc.*, 866 F. Supp. 668, 674 (N.D.N.Y. 1994) (McCurn. J.) ("CERCLA is a comprehensive remedial statute. Nonetheless, courts applying CERCLA have struggled with its provisions and have often explained that the Act's essential purpose is to force those responsible for creating hazardous waste problems to bear the cost of their actions. Citing legislative history, courts applying CERCLA have found the statute's goal to be 'overwhelmingly remedial' and, on that basis, interpreted its provisions liberally in favor of liability.") (citations omitted).

CERCLA action was brought against Plaintiff, and (2) the Complaint fails to allege that the Consent Order that Plaintiff entered into with the DEC resolved Plaintiff's CERCLA liability.

The Court rejects Moving Defendants' first argument. Under CERCLA § 113(f)(3)(B), a PRP (or covered person) may seek contribution from other PRPs if it has "resolved its liability to the United States or a State for some or all of a response action or for some or all of a response action in an administrative or judicially approved settlement." Moreover, as noted by Plaintiff in its memorandum of law, a consent decree with the DEC can serve as an "administrative or judicially approved settlement" under § 113(f)(3)(B). Here, Plaintiff's Complaint alleges that it entered into a Consent Order with the DEC "to pay the costs incurred by DEC and the costs to investigate the [c]ontamination and to remediate the [s]ite." (Dkt. No. 1, at ¶ 49[c].) Thus, Plaintiff has alleged facts plausibly suggesting that a CERCLA action was brought against it (and was settled).

Furthermore, the Court rejects Moving Defendants' second argument. As noted by Plaintiff in its memorandum of law, CERCLA does not require a state to receive authorization from the EPA before the state may enter into a consent order with an owner of property to resolve that owner's liability to the state for purposes of CERCLA. *See Seneca Meadows, Inc. v. ECI Liquidating, Inc.*, 427 F. Supp. 2d 279, 286-87 (W.D.N.Y. 2006) ("Although a state may not be able to act on behalf of the federal government absent a delegation of authority from the EPA, or to completely resolve a party's CERCLA liability, § 107(a)(4)(A) contains no requirement that a state obtain authorization from the federal government prior to engaging in response actions. States need not obtain EPA authorization to clean up hazardous waste sites and recover costs from potentially responsible parties.") (citation omitted).

For these reasons, Plaintiff's claim under CERCLA § 113 survives Moving Defendants' motions to dismiss.

C. **Plaintiff's Claim Under New York State Navigation Law**

As stated above in Part I.B. of this Decision and Order, Moving Defendants seek the dismissal of this claim because (1) Plaintiff was responsible for the discharge, and (2) Defendants Keuka and Chambers did not have the capacity to take action to prevent the contamination.

Based on the current record, the Court rejects Moving Defendants' first argument. Although Plaintiff is the owner of the property where the contamination occurred, whether Plaintiff was in any way "responsible for the discharge" is a matter that cannot be decided at this stage of the proceedings given that Plaintiff has alleged facts (which are unrefuted by any record evidence adduced by Defendants) plausibly suggesting that (1) it did not cause or contribute to the contamination, and (2) it took the steps necessary to avoid the contamination that occurred by hiring experts to (a) perform an environmental assessment of its property, and (b) remove the UST that contained the waste material.[6]

---

[6] Under New York State Navigation Law, "[a] landowner may seek contribution or reimbursement from an actual discharger only if the landowner is faultless, meaning not in any way responsible for the discharge." *Carter v. Suburban Heating Oil Partners*, 44 A.D.3d 1221, 1222 (N.Y. App. Div., 3d Dep't 2007); *see also State of New York v. Green*, 96 N.Y.2d 403, 424 (N.Y. 2001) ("In *White v. Long* . . . we held that Navigation Law § 181(5) allows a faultless landowner to seek contribution from the actual discharger, even though the landowner itself is liable as a discharger under section 181(1). While we declined to address whether a landowner could be deemed a 'discharger' under the Navigation Law, we recognized that proof of fault is not a predicate to liability and that more than one discharger may exist under Navigation Law § 181(1). The fact that more than one party can be deemed a discharger suggests that liability under the statute is broad and inclusive, extending to landowners . . . regardless of whether they actually caused or contributed to the discharge.").

Furthermore, based on the current record, the Court rejects Moving Defendants' second argument for the reasons stated in Part III.A. of this Decision and Order.

For these reasons, Plaintiff's claim under New York State Navigation Law survives Moving Defendants' motions to dismiss.

### D.     Plaintiff's Remaining State-Law Claims

Because Moving Defendants' only argument for dismissing Plaintiff's remaining state-law claims is that the Court lacks jurisdiction over these state-law claims once it dismisses Plaintiff's CERCLA claims, and because the Court has already declined to dismiss Plaintiff's CERCLA claims, Moving Defendants' motion to dismiss Plaintiff's remaining state-law claims is denied.

### E.     Plaintiff's Motion to Amend the Complaint

Because Plaintiff's Complaint states a claim upon which relief may be granted, and because Plaintiff's Amended Complaint seeks to, *inter alia*, "add certain factual detail to its allegations," the Court finds that it would not be futile to allow Plaintiff to amend its Complaint. In addition, Moving Defendants have not argued, and the Court is unable to gather any evidence to suggest, that the motion has been made in bad faith, or was filed after undue delay.  Finally, although the Court recognizes that allowing Plaintiff's leave to amend will result in some delay, the Court finds that whatever prejudice Defendants may suffer is minimal in light of the fact that (1) the Court is transferring this action to the Western District of New York, (2) a majority of Defendants have yet to file an Answer, and (3) discovery has yet to commence.  For all of these reasons, Plaintiff's motion to amend the Complaint is granted.

### F. Plaintiff's Motion to Transfer Venue

As an initial matter, the Court finds that Plaintiff's case could have been brought in the Western District of New York because the Western District is where some Defendants reside, and it is also where the environmental contamination which gave rise to the present action took place. However, the Court must still examine whether the balance of convenience and justice favors transfer.

After carefully considering the relevant factors, the Court finds that the action should be transferred to the Western District of New York. As an initial matter, Defendants Doug Gross Construction, Inc., Keuka, and Bates reside in the Western District, and no Defendant resides in the Northern District of New York.[7] In addition, the environmental contamination which gave rise to the present action took place in the Western District. Moreover, Plaintiff made the request to transfer venue to the Western District. Furthermore, because both the Northern District and the Western District reside within the same Circuit, each district is equally familiar with the governing law at issue. Finally, although this action has been pending since September 21, 2007, because (1) discovery has yet to commence, and (2) all pending motions have been decided by this Court, judicial efficiency weighs only slightly, if at all, in favor of maintaining this action in the Northern District.

For all of these reasons, the Court finds that the balance of convenience and justice favors transferring this action to the Western District of New York.

---

[7] Plaintiff's Complaint alleges that Defendants Teeter Environmental and Chambers are residents of Pennsylvania. (Dkt. No. 1, at ¶¶ 11, 15.)

14

**ACCORDINGLY,** it is

**ORDERED** that Moving Defendants' motions to dismiss (Dkt. Nos. 30, 38, 39) are **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to amend its Complaint (Dkt. No. 45) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to transfer venue to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 45) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to electronically transfer this case to the Clerk of the Western District of New York and provide any additional information necessary for the Clerk of the Western District to electronically access the documents filed in this action.

Dated: March 24, 2010
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　Hon. Glenn T. Suddaby
　　　　　　　　　　　　　　　　　　　　U.S. District Judge